## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCES MARIE ZINTL and ALBERT ZINTL,<br><br>    Plaintiffs,<br><br> v.<br><br><br>PRINCESS CRUISE LINES, LTD.<br><br>    Defendant. | **CASE NO. 5:24-cv-00693-JGH-SP**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE DEFENSE EXPERT ERIC SCHANSER, MD, OR IN THE ALTERNATIVE, TO LIMIT HIS OPINIONS**<br><br>**DATE : August 25, 2025**<br>**TIME : 9:00 a.m.**<br>**JUDGE : Hon. Jesus G. Bernal**<br><br>Complaint Filed: April 2, 2024<br>Trial Date  : September 30, 2025 |

Plaintiffs, Frances Zintl and Albert Zintl ("Plaintiffs" or "Zintl"), respectfully file the  following Memorandum of Points and Authorities in Support of their Motion to Exclude Defense Expert Eric Schasner, MD, or in the alternative, to Limits His Opinions.

## I.  INTRODUCTION/STATEMENT OF FACTS

This is a personal injury slip/trip and fall that occurred on the *Discovery Princess* on April 20, 2022. The Court entered its Scheduling Order setting the date for the disclosure of expert witnesses for April 28, 2025 and rebuttal experts for May 12, 2025. (Doc. 18). Defendant Princess Cruise Lines, LTD ("Princess") designed as their medical expert, Eric Schanser, MD ("Schanser").

Plaintiffs' move to strike Dr. Schanser, or in the alternative limit his opinions for

a conflict of interest and Rule 26 violations. The basis for this request is:

1. Defendant's orthopedic expert, Schasner admitted in his deposition that he is a partner with Plaintiff's treating physician which was not previously disclosed. Since 2019, Plaintiff has treated at Desert Orthopedics with Dr. Schasner's partner, Dr. Cassim, as well as with Janet Conely, the nurse practitioner at Desert Orthopedics. Both Dr. Cassim and Nurse Practitioner Conley were timely designed by Plaintiffs as non-retained expert witnesses. Dr. Schasner, as a partner at Desert Orthopedics, is part of the group of treating physicians who have provided treatment to Plaintiff. He cannot serve as a defense medical examiner who is disputing the treatment provided at his clinic by his partners and the nurse practitioner;

2. Defendant failed to produce the IME report of Dr. Schasner by the Court ordered date for disclosure in violation of Rule 26. Dr. Schasner should be precluded from testifying as to the matters contained within his IME report since it was not timely.

3. Dr. Schasner tape recorded Plaintiff during the IME without her permission and neither disclosed this fact nor provided a copy of the tape/transcript in violation of Rule 26 and California Penal Code § 632.

4. Plaintiff returned to see her treating physician on June 19, 2025, Dr. Cassim, who has ordered a new MRI and prescribed formal physical therapy. Plaintiff will be returning to Dr. Cassim following completion of the MRI and physical therapy to review her next treatment options consisting of an epidural or likely fusion surgery.

Dr. Schasner serving as an expert when he has a direct conflicting opinion than his partner who is the treating physician may affect the credibility or weight of Dr. Cassim's opinion.

## II.  SCHASNER HAS A CONFLICT OF INTEREST AND SHOULD BE EXCLUDED

Dr. Schasner testified in his deposition that he is partners with Plaintiff's treating physician, Dr. Cassim and this was not disclosed until it was discovered during his deposition. See Deposition of Schasner,  25:2 – 26:11 , attached as Exhibit "1". Dr. Schnaser knew full well of his potential conflict of interest and did not disclose this at any time prior to this deposition.

There does not appear to be a case on point in disqualifying an expert who also works at the same clinic as the treating physician. A conflict of interest occurs when an expert witness has a relationship that might impair their impartiality or create the appearance of bias. The conflict does not need to involve actual misconduct. Even a perceived conflict can undermine the credibility of the expert and lead to the exclusion of their testimony.

At a minimum, Dr. Schnaser needed to disclose that he is a partner with Plaintiff's treating physician, who is also listed as a non-retained expert. The purpose of disqualification in the face of a potential conflict of interest is to prevent conflicts of interest and to maintain the integrity of the judicial process. Here, Plaintiff timely designed as non-retained experts Dr. Cassim and nurse practitioner Janet Conley. Dr. Cassim is a partner in

Desert Orthopedics. Janet Conley is a nurse practitioner at Desert Orthopedics and works for all the physicians, including Dr. Cassim and Dr. Schasner. Dr. Casim's partner at Desert Orthopedics is Dr. Schnaser. Dr. Cassim will likely be testifying that Plaintiff's L-2 compression fracture was due to this incident. Dr. Cassim will also likely be testifying that the fall on April 2022 has caused ongoing pain and limitations in the upper lumbar spine and that Plaintiff is a candidate for further medical intervention, including epidural(s) and fusion surgery. Dr. Cassim will also likely testify that the prior L3-4 pathology and prior epidurals at that area represent a separate area from the area where Plaintiff has had complaints since this incident.

Dr. Schnaser, in contrast, would likely testify that while Plaintiff may have sustained a L2 fracture, this has completely healed and any problems Plaintiff is experiencing is due to her pre-existing L3-4 pathology. This no doubt would be confusing to the trier of fact since both Dr. Cassim and Dr. Schnaser are partners in the same practice. When an expert has violated the rules of his own professional organization, which were presumably created to instill a sense of confidence in the profession, the court should consider that fact as tipping the scales in favor of finding an impermissible conflict of interest.[1]

---

[1] The American Academy of Orthopedic Surgeons position on this point is as follows:

> If the orthopaedic surgeon has a financial or ownership interest in a durable medical goods provider, imaging center, surgery center or other health care facility where the orthopaedic surgeon's financial interest is not immediately obvious, the orthopaedic surgeon must disclose that financial interest to the patient. The orthopaedic surgeon has an obligation to know the applicable laws regarding physician ownership, compensation and control of these services and facilities.

PLAINTIFFS' MOTION TO EXCLUDE        Page | 4

THE LAW OFFICES OF FRIEDBERG & BUNGE
1005 ROSECRANS, SUITE 202, PO BOX 6814
SAN DIEGO, CALIFORNIA 92166 (619)557-0101

The District Court in Oregon in the case of *Tabaian v. Intel Corp.,* No. 3:18-cv-000326, 2018 WL 4566257 (D. Or. Sept. 22, 2018) as well as other District Court's in the 9th Circuit, have confirmed that the Court tend to weigh the following three considerations in determining whether an expert should be disqualified in these circumstances: first, whether there was a confidential relationship between the party and the expert; second, whether the information previously disclosure by the adverse party to the expert was relevant to the pending litigation; and third, the relative prejudice to the parties and the impact of disqualification on the impact of disqualification on the integrity of the legal process.

### A.  Confidential Relationship Between Plaintiff and Desert Orthopedics.

Dr. Schasner is a partner at Desert Orthopedics. Plaintiff's treating physician, Dr. Cassin, is also a partner at Desert Orthopedics. Plaintiff's treating nurse practitioner, Janet Conely, is also employed at Desert Orthopedics. There is no doubt that a confidential doctor patient relationship exists between Plaintiff and Desert Orthopedics since Plaintiff has and continues to treat at this facility for her injuries from this incident. To allow a partner from the same practice as Plaintiff's treating physicians is improper and presents a clear conflict of interest. Dr. Schasner was well aware of his conflict of interest and failed to voluntarily disclosure his partnership and financial relationship with Plaintiff's treating

physicians. Dr. Schasner should not be allowed to serve as a defense expert when he is partner in the same medical group as Plaintiff's treating physicians.

### B. The Information Disclosed is Relevant to this Litigation:

The very heart of the damage case is the testimony of Plaintiff's treating physician, Dr. Cassim, and Nurse Practitioner Conley, as to the onset of the L2 injuries, the recommended treatment and Plaintiff's pre-existing condition at L3-4. This information was provided by Plaintiff in the context of her doctor patient relationship. That relationship existed between Plaintiff and the providers at Desert Orthopedics.

Dr. Schasner was provided this information regarding the treatment of Plaintiff at Desert Orthopedics. The treatment information is relevant to this litigation. Dr. Schasner should not be allowed to testify about treatment at Desert Orthopedics.

### C. Prejudice to the Parties and Impact of Disqualification to the Integrity of the Legal Process:

It would be highly improper to allow an adverse expert who is a partner in the very same practice as the treating physician to testify in a manner critical with the opinions as the treating physicians. Here, Dr. Cassim has opined in his treatment reports that Plaintiff sustained a L2 fracture due to this fall incident and that her complaints of pain emanate from the L2 area. Dr. Schasner has a different opinion and questions the origin of the L2 fracture and pain complaints, suggesting that these are all pre-existing. To allow a defense expert from the same practice to provide opinions contrary to the other physicians in the

same practice who are treating Plaintiff calls into question the very integrity of the legal process.

While disqualification is a harsh remedy, there is no doubt that Dr. Schasner accepted this assignment and proceeded to review records and provide opinions knowing full well that he would be going against his own partner. Dr. Schasner should not be able to profit from serving as an expert under these circumstances.

## III.    SCHASNER'S OPINIONS SHOULD BE LIMITED DUE TO HIS RULE 26 VIOLATIONS

Fed.R.Civ.P. Rule 26(a)(2) mandates that the parties disclose the identity of any expert witnesses they intend to use at trial and provide a written report containing the specific information about their opinions, the basis for those opinions and other relevant details. Failure to comply with these disclosure requirements can result in various sanctions under Fed.R.Civ.P. Rule 37, including the exclusion of the expert's testimony.

The Scheduling Order in this case set April 28, 2025, as the deadline for the initial designation of expert witnesses. Defense counsel disclosure Dr. Schasner's record review and opinions that were dated April 25, 2025. The record review and opinion report was disclosed on April 28, 2025. Dr. Schasner's IME was conducted on April 28, 2025. The date on his IME report is April 28, 2025. However, the IME report was not disclosed until May 9, 2025 and was disclosed as a "supplemental report."

The IME report was untimely. The purpose of supplementary disclosures is just that--to supplement earlier disclosures regarding the designated experts. Designating a new

PLAINTIFFS' MOTION TO
EXCLUDE                              Page | 7

expert or new opinions after the disclosure deadline is not allowed as a "supplemental disclosure". *Metro Ford Truck Sales, Inc. v. Ford Motor Co.* (5th Cir. 1998) 145 F.3d 320, 324 (testimony of late-designated expert properly excluded);  *Keener v. United States* (D MT 1998) 181 F.R.D. 639, 642 (expert limited to opinions expressed in initial disclosure and precluded from testifying on other matters set forth in "supplemental" disclosure. Rule 26(e) supplements are "only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report." *Sancom, Inc. v. Qwest Communications Corp.* (D SD 2010) 683 F.Supp.2d 1043, 1062-1063; *In re Asbestos Products Liab. Litig.* (No. VI) (ED PA 2013) 289 F.R.D. 424, 425-426- Rule 26(e) is not an avenue to correct "failures of omission because the expert did an inadequate or incomplete preparation," ... add new opinions ... or "deepen" or "strengthen" existing opinions' (internal citations omitted). The supplemental report should be filed and served promptly upon discovering an error or omission in the original report.

If filed beyond the discovery cut-off date, a motion for leave to modify the Rule 16(b) scheduling order is required. *See  Leviton Mfg. Co., Inc. v. Nicor, Inc.* (D NM 2007) 245 F.R.D. 524, 530-531 (supplemental expert report filed after pretrial deadline was untimely);  *E.E.O.C. v. Freeman* (D MD 2013) 961 F.Supp.2d 783, 797-798 (untimely supplemental reports inadmissible). Princess did not file a motion for leave to modify the Rule 16(b) scheduling order to allow for Dr. Schasner's late report.  Dr. Schanser's IME report, and the opinions therefrom, should not be allowed.

## IV.    SCHASNER ILLEGALLY TAPE RECORDED PLAINTIFF AND THIS WAS NOT DISCLOSED

Dr. Schnaser recorded the IME with Plaintiff. Plaintiff did not consent or give permission to Dr. Schasner to record the IME. While Dr. Schasner does state that he will be "recording" the IME, at no time did he ask Plaintiff's permission or ask if Plaintiff consented to the recording. (See Exhibit "2", which is the second page of the transcript of the recording). The tape recording was not produced in violation of Rule 26. In fact, it was only during the deposition of Dr. Schasner was it learned that there was a recording of the IME. It was not until June 26, 2026, almost 2 months after the disclosure date was an audio file of the recording produced by defense counsel.

In California, recording a conversation you are a part of without the knowledge and consent of all other participants can be illegal, even if you are recording "only your side" or in a "one-sided" manner. California follows a two-party consent law, also known as an all-party consent law. This means everyone involved in a confidential communication must consent to the recording for it to be legal. *See* Penal Code §632.

Even if there was permission, the recording needed to be disclosed. Indeed, Dr. Schnaser testified that he made the recording for his own "personal" use. (Depo. Schasner, 23:1 – 24:6, attached as Exhibit "3"); see also Declaration of Frances Zintl filed concurrently herewith.

### IV. <u>CONCLUSION</u>

THE LAW OFFICES OF FRIEDBERG & BUNGE
1005 ROSECRANS, SUITE 202, PO BOX 6814
SAN DIEGO, CALIFORNIA 92166 (619)557-0101

Dr. Schanser's conduct is highly improper. There are 4 separate reasons why he should be disqualified (1) failure to disclose his financial interest in the same clinic as the treating physician (2) failure to produce his IME report by the date the expert disclosures were required; (3) the unauthorized tape recording of the IME examination; and (4) if allowed to testify, his opinions would be in direct conflict with the testimony of Plaintiff's treating physician with whom Dr. Schnaser has a financial interest. This very well may affect the credibility of Plaintiff's treating physician.

It is Dr. Schnaser that has created this situation by his own misconduct. This misconduct was exacerbated by the untimely Rule 26 disclosures. This Court should strike Dr. Schasner for his conflict of interest. In the alternative, if the Court does allow Dr. Schasner to testify, his testimony should be limited due to his Rule 26 violations. Dr. Schasner should not be able to testify as to any of the following:

1. Opinions contained in IME report that was not disclosed until May 9, 2025, and after the April 28, 2025, disclosure deadline;

2. Opinions based on illegal tape recording of the IME, which was done without Plaintiff's consent and not produced until June 26, 2025, almost two months after the time the recording was made;

3. Opinions contrary with the opinions of Plaintiff's treating physicians, who are financial partners with Dr. Schasner.

July 7, 2025              **LAW OFFICES OF FRIEDBERG & BUNGE**

By:  *s/ THOMAS F. FRIEDBERG, ESQ.*
THOMAS F. FRIEDBERG, ESQ.(#110439)
1005 Rosecrans Street, Suite 202
P.O. Box 6814
San Diego, California 92101
Telephone:    (619) 557-0101
Facsimile:    (619) 557-0560
Email:        tom@lawofficefb.com


Michael Schwimer, Esq.
**SCHWIMER WEINSTEIN, LLP**
2665 Main Street, Suite 200
Santa Monica, California 90405
Tel : (310) 957-2700
Fax : (310) 957-2701
E : service@swlawllp.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE DEFENSE EXPERT ERIC SCHANSER, MD, OR IN THE ALTERNATIVE, TO LIMIT HIS OPINIONS** was served on the 7th day of July 2025 by causing this document to be filed with the CM/ECF system which will provide notice to the following parties and counsel:

André M. Picciurro, Esq.
**PICCIURRO LAW**
770 First Avenue, Suite 250
San Diego, CA 92101
Direct: (619) 550-9522
Email: andre@picciurrolaw.com

*s/ THOMAS F. FRIEDBERG, ESQ.*