UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 24-0693 JGB (SPx)** | Date | September 18, 2025 |
| Title | *Frances Marie Zintl, et al. v. Princess Cruise Lines, et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    Order DENYING Plaintiffs' Motion to Exclude Defense Expert or to Limit His Opinions. (IN CHAMBERS)**

Before the Court is Plaintiffs' motion in limine ("Motion," Dkt. No. 24). The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Motion, the Court **DENIES** Plaintiffs' Motion.

## I.   BACKGROUND

On April 2, 2024, plaintiffs Frances Marie Zintl ("Ms. Zintl") and Albert Zintl ("Mr. Zintl") (collectively, "Plaintiffs") filed a complaint against defendant Princess Cruise Lines, Ltd. ("Defendant" or "Princess") and Does 1 through 50. ("Complaint," Dkt. No. 1.) The Complaint alleges three causes of action against Princess: (1) negligence; (2) breach of contract; and (3) loss of consortium. (Id.) On May 24, 2024, Defendant answered the Complaint. ("Answer," Dkt. No. 6.)

On July 7, 2025, Plaintiffs filed this Motion, asking that the Court exclude Defendant's expert Dr. Erik Schnaser ("Dr. Schnaser"), or to limit his opinions. Defendant filed its opposition on August 4, 2025. ("Opposition," Dkt. No. 29.)

## II.   LEGAL STANDARD

Motions in limine are a well-recognized judicial practice based in "the court's inherent power to manage the course of trials." Luce v. United States, 469 U.S. 38, 41 n.4 (1984). Regardless of a court's initial decision on a motion in limine, a court may revisit the issue at trial.

See Fed. R. Evid. 103 advisory committee's note to 2000 amendment ("Even where the court's ruling is definitive, nothing in the amendment prohibits the court from revisiting its decision when the evidence is to be offered."); see also Luce, 469 U.S. at 41–42 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."). "[A] ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court." United States v. Bensimon, 172 F.3d 1121, 1127 (9th Cir. 1999).

### III.  DISCUSSION

Plaintiffs move to exclude Dr. Schnaser's testimony, arguing that Dr. Schnaser is a partner with Ms. Zintl's treating physician at Desert Orthopedics and therefore cannot serve as a defense medical examiner disputing treatment provided at his clinic by his partner.  (Mot. at 2.) Ms. Zintl's treating physician, Dr. Hazmer Cassim ("Dr. Cassim") and nurse practitioner Janet Conely are non-retained expert witnesses for Plaintiffs.  (Id.)  Additionally, Plaintiffs move to limit Dr. Schnaser's testimony because (1) Defendant failed to produce Dr. Schnaser's independent medical report ("IME") by the Court-ordered disclosure date and (2) Dr. Schnaser allegedly tape recorded Ms. Zintl during the IME without her permission and did not disclose this fact or provide a copy of the tape or transcript.  (Mot. at 2.)

### A.  Disqualification

"There is no bright-line rule for expert disqualification." Veazey v. Hubbard, No. 08-00293, 2008 WL 5188847, at *5 (D. Haw. Dec.11, 2008) (citing Hewlett-Packard Co. v. EMC Corp., 330 F. Supp. 2d 1087, 1092 (N.D. Cal. 2004).  When evaluating a disqualification motion, the Court must "balance the policy objectives that favor disqualification—ensuring fairness and preventing conflicts of interest—against policies militating against disqualification, including guaranteeing that parties have access to witnesses who possess specialized knowledge and allowing witnesses to pursue their professional callings."  Kane v. Chobani, Inc., 2013 WL 3991107, at *5 (N.D. Cal. Aug. 2, 2013) (citing Space Sys./Loral v. Martin Marietta Corp., 1995 WL 686369, at * 2 (N.D. Cal. Nov. 15, 1995)).

"District courts have recognized that 'disqualification may be appropriate . . . when a party retains expert witnesses who previously worked for an adversary and who acquired confidential information during the course of their employment.'" Marshall v. Northrop Grumman Corp.,  2019 WL 4143300, at *2 (C.D. Cal. July 23, 2019) (quoting Space Sys./Loral, 1995 WL 686369 at *2).  Here, Dr. Schnaser has been clear that, prior to being retained by Princess, he "had never met, treated, or communicated" with Ms. Zintl; before reviewing her medical records as part of his retained work, he "had no prior knowledge of Dr. Cassim's involvement" in her treatment; he has never "discussed Mrs. Zintl, her treatment, or any aspect of this litigation with Dr. Cassim" or Conely; and he "cannot access charts of patients whom are not [his] own due to HIPAA restrictions."  (Declaration of Erik Schnaser in Support of Defendant's Opposition ("Schnaser Decl."), Dkt. No. 29-1 ¶ 3, 5, 7-8.)  Dr. Schnaser has never

"worked for" Plaintiffs, nor did he "acquire[] confidential information during the course of his" partnership with Ms. Zintl's treating physician.  See Space Sys./Loral, 1995 WL 686369 at *2.

As such, there is no basis for Dr. Schnaser's disqualification.  Plaintiffs' Motion is **DENIED** to the extent it seeks disqualification.

## B.  Limitation on Testimony

### 1.  Disclosure Delay

The Court's deadline for initial designation of expert witnesses in this case was April 28, 2025.  (Dkt. No. 18.)  Though Dr. Schnaser's record review and opinions were disclosed on April 28, 2025, Dr. Schnaser's IME evaluation of Ms. Zintl took place at 4:00 p.m. on April 28, 2025.  (Mot. at 7; Opp'n at 7.)  As such, Dr. Schnasher's IME report was disclosed on May 9, 2025.  (Mot. at 7.)

Under Federal Rule of Civil Procedure 37(c)(1), a party who fails to provide information or identify a witness as required by Rule 26 "is not allowed to use that information or witness to supply evidence . . . at a trial, *unless the failure was substantially justified or is harmless*."  Fed. R. Civ. P. 37(c)(1) (emphasis added).  When evaluating whether a discovery deadline violation is justified or harmless, courts consider "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence."  Lanard Toys Ltd. v. Novelty, Inc., 375 F. App'x 705, 713 (9th Cir. 2010).

Plaintiffs have alleged no prejudice or surprise resulting from the delayed disclosure—after all, Plaintiffs knew Dr. Schnaser was evaluating Ms. Zintl and that the evaluation took place on April 28, 2025, so it was no surprise that the IME report was disclosed shortly thereafter.  Additionally, there has been no delay of trial based on this slight delay in disclosure, as the parties' trial date has not moved from the Court's original scheduling order, nor did Plaintiffs request such a continuance based on this delayed disclosure.  Finally, there is no apparent bad faith or willfulness in the delayed disclosure, nor have Plaintiffs alleged as much.

### 2.  Recording

Plaintiffs allege that Dr. Schnaser illegally recorded his IME evaluation of Ms. Zintl and failed to timely provide the recording.  (Mot. at 9.)  Plaintiffs contend in their Motion that Ms. Zintl did not consent to the recording and that they did not know about the existence of the recording until Dr. Schnaser's deposition.  (See id.)  This strains credulity, given that Ms. Zintl's own declaration states that "[a]t the beginning of the meeting, Dr. Schasner [sic] stated that he would be recording the examination."  (Declaration of Frances Zintl in Support of Plaintiffs' Motion ("Zintl Decl."), Dkt. No. 24-5 ¶ 4.)  As to consent, two issues arise.  First, California Penal Code § 632 requiring consent to record only applies to "confidential communications," which are defined as communications "carried on in circumstances as may reasonably indicate

---

that any party to the communication desires it to be confined to the parties thereto." Cal. Pen. Code § 632. Ms. Zintl's communications with Dr. Schnaser in the course of his evaluation are plainly not those that she could reasonably expect to be confined to the two of them, given that his evaluation took place for the purpose of legal proceedings and his testimony at trial. Second, consent under § 632 can be implied, so long as disclosure "explicitly notif[ies]" an individual. See Calhoun v. Google LLC, 526 F. Supp. 3d 605, 620 (N.D. Cal. 2021). By virtue of continuing with the evaluation after being explicitly informed that it would be recorded, Ms. Zintl impliedly consented to Dr. Schnaser recording her evaluation.

Because the disclosure delay did not harm Plaintiffs and Dr. Schnaser's recording was not improper, Plaintiffs have offered no basis for limiting Dr. Schnaser's testimony. As such, Plaintiffs' Motion is **DENIED** to the extent it seeks to limit Dr. Schnaser's testimony.

### IV.  CONCLUSION

For the foregoing reasons, the Court **ORDERS** that Plaintiffs' Motion is **DENIED**.

**IT IS SO ORDERED.**